### LITTMAN v. DOKTOR.

(Supreme Court, Appellate Term. April 9, 1912.)

EVIDENCE (§ 116*)—DOCUMENTARY—ADMISSIBILTY.

Where, in an action on a contract of employment, the evidence was conflicting as to the terms of the contract and as to the amount which had been paid thereunder, a bank book and deposit slip of the plaintiff, showing a deposit, in no way corroborated his story that he received a similar payment on the same day.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 135; Dec. Dig. § 116.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Littman against Benjamin Doktor. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Rosenthal & Steckler (Alexander Rosenthal, of counsel), for appellant.

Marcuson Bros. (Alexander S. Marcuson and Wales F. Severance, of counsel), for respondent.

LEHMAN, J. The plaintiff claims that he was employed by the defendant from April, 1909, to April, 1910, under an oral agreement for a specified weekly salary and a bonus at the end of the year of

$2,000; that he was paid the salary, but that he has received only $600 of the bonus. The defendant denies absolutely that he ever agreed to pay a bonus, and claims that plaintiff was employed only on a salary. The plaintiff and the defendant are the only witnesses as to the making of the contract, and the defendant is corroborated by the production of an alleged written agreement, made in September, whereby the plaintiff was to receive a weekly salary and the employment was to be terminable at the option of either party before the week ends. The plaintiff explains that this alleged agreement never was intended to be effective; but, however plausible his explanation may be, the fact still is that he signed this paper, and that his story is contradicted, not only by the defendant's testimony, but by his own writing. The jury nevertheless believed the plaintiff, and in reaching their verdict they must have determined that for some reason the plaintiff's story was the more credible.

The surrounding circumstances that tend to show the probability of the plaintiff's story are, therefore, of particular importance. The surrounding circumstances that tend to throw light upon the main question in this case are the financial dealings between the parties. The plaintiff claims that he has received $600 from the defendant on account of the bonus and $500 as a repayment of a deposit made by him as security at the beginning of the employment. Obviously, if the defendant made such payments, then the alleged written agreement cannot constitute the actual terms of plaintiff's employment, and the defendant's story must be untrue. The defendant admits that he paid the plaintiff $600, but explains that these payments represented a deposit of $500 made by the plaintiff for safe-keeping and $100 as a loan, and he denies absolutely that he paid the plaintiff more than $600. The disputed payments of $500 are alleged by the plaintiff to have been made by checks of $50 in November and $450 on April 8th, and the determination of the main issue of the case depends largely upon the question whether such payments were ever made. To show these payments the plaintiff was permitted to introduce in evidence, over defendant's objection, a deposit slip and bank book, showing that on April 8th he opened a bank account by deposit of a check for $450. The mere fact that on that day the plaintiff made such a deposit certainly cannot require of the defendant any explanation of where the plaintiff obtained such a sum of money, and in no wise corroborates the plaintiff's story that it was paid to him by defendant. The admission of these exhibits was clearly erroneous, and almost certainly prejudicial, and no other testimony that was admitted at any stage of the case either cured the error or prevented the defendant from relying on his objection and exception.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.